# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD SCOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-0750-O-BP |
| | § | |
| **ANYONE THAT IS STILL CLAIMING** | § | |
| **MY PROPERTY GRANTED MY THE** | § | |
| **JUDGE IN FORT WORTH, TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Edward Scott has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 4. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

This case is a new civil action.

B.  PARTIES

Charles Edward Scott is the Plaintiff. In his Complaint, Plaintiff lists "Anyone that is still claiming my property granted [by] the Judge in Fort Worth TX" as Defendant. *See* ECF No. 1.

C.  LEGAL ANALYSIS

Plaintiff filed this suit accompanied by a long-form application to proceed in forma pauperis. ECF No. 3. But as Plaintiff filled out some sections of the form and left other portions

illegible or blank, the Court issued an Order and Notice of Deficiency directing Plaintiff to complete and refile a fully completed long-form in-forma-pauperis application, in order for the Court to make the pauper determination. ECF No. 6. That order directed Plaintiff to either pay the applicable filing and administrative fees or refile the fully completed long-form on or before September 9, 2022. *Id*. And, it directed that **"[f]ailure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis by September 9, 2022 could result in the dismissal of this case without further notice."** *Id.* (citing Fed. R. Civ. P. 41(b)) (emphasis in original). As of the date of this order, Plaintiff has not completed and refiled the requisite form, paid the filing and administrative fees, or otherwise filed any document responsive to the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's Notice of Deficiency and Order, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

RECOMMENDATION

It is therefore **RECOMMENDED** that that Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on September 16, 2022.

                                                _____
                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE